**Toby PILMAN, Plaintiff–Appellant,**

v.

**NEW YORK CITY HOUSING AUTHORITY, Defendant–Appellee.**

Nos. 02–7402, 02–7404.

United States Court of Appeals, Second Circuit.

May 12, 2003.

Toby Pilman, New York, NY, pro se.

Lanny R. Alexander (Ricardo Elias Morales, General Counsel, New York City Housing Authority, on the brief), New York, N.Y., for Appellee.

PRESENT: OAKES, LEVAL and CABRANES, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 12th day of May, two thousand and three.

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff Toby Pilman appeals from judgments of the United States District Court for the Southern District of New York dismissing her claims against her former employer, the New York City Housing Authority ("Authority") and against the New York City Department of Personnel ("DOP") and the New York City Civil Service Commission ("CSC").

In 1990 Pilman filed a complaint with the New York State Human Rights Division ("HRD") and the Equal Employment Opportunity Commission ("EEOC") against the Authority, alleging discrimination on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. The complaint maintained that Pilman was disciplined for yelling in the office and that this discipline was a result of the fact that she was Caucasian. It asserted that her black colleagues were not disciplined as severely for similar conduct. The HRD dismissed her complaint in February 1994, and in May 1994 the EEOC issued a right-to-sue letter on the ground that, in investigating Pilman's complaint, it found no Title VII violations. On October 20, 1994, Pilman filed a complaint in the United States District Court for the Southern District of New York raising these same allegations against the Authority.

In October 1995, Pilman filed another EEOC charge against the Authority, alleging that she was discriminated against on the basis of a perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[1] Accordingly to Pilman, during the five-and-one-half years she worked for the Authority, she was repeatedly disciplined, referred to substance abuse counseling, reported to the police, and ultimately terminated by her employer as a result of her disability. The Authority submitted evidence demonstrating that Pilman had repeated outbursts and that she was eventually placed on a leave of absence and then terminated.

---

1. Pilman initially filed a complaint with the EEOC pertaining to her disability discrimination claim in January 1994, but that complaint was withdrawn in September 1994, before the EEOC had an opportunity to rule on it.

Prior to her termination, a hearing was held before an administrative law judge, who determined that Pilman was mentally unfit to perform the essential functions of her job. This determination was based in large part on the report of a psychiatrist that concluded that Pilman suffered from paranoid personality disorder and that this disorder prevented her from performing her job duties. The Authority adopted the administrative law judge's report and placed Pilman on administrative leave effective September 1, 1993. In a letter dated September 2, 1994, the Authority informed Pilman that she had been terminated, effective September 1, 1994.[2] Her condition was reevaluated in February 1995 to determine whether she might be able to be reinstated, but the administrative law judge and the Authority again concluded that she was unable to perform the essential functions of her prior job.

The EEOC issued a right-to-sue letter on Pilman's ADA claim in March 1996, and Pilman filed another complaint in the Southern District of New York on May 23, 1996, alleging that the Authority, the DOP, and the CSC violated Title VII and the ADA in terminating her from her position and failing to provide for her reinstatement. Although it appears that Pilman's two complaints were never technically consolidated, the District Court consistently treated them as a unified action.

On November 14, 1996, the District Court (Sidney H. Stein, *Judge*) granted a motion to dismiss the claims against the DOP and the CSC on the ground that they did not have control over the terms and conditions of Pilman's employment. *See Pilman v. New York Housing Authority,* No. 94 Civ. 3893, 1996 WL 665856 (S.D.N.Y. Nov.14, 1996).

In August 1998 the Authority filed a motion for summary judgment. On February 25, 2002, Magistrate Judge Sharon E. Grubin filed a Report and Recommendation that recommended granting the Authority's motion for summary judgment with respect to Pilman's Title VII and retaliation claims, but not with respect to her claims for disability discrimination. *See Pilman v. New York Housing Authority,* No. 94 Civ. 7655, 2000 WL 236322 (S.D.N.Y. Feb 25, 2000). The Report concluded that Pilman had failed to make out a prima facie case pursuant to Title VII because she had not identified non-white individuals who displayed the types of behavioral problems for which Pilman was punished and, therefore, she had failed to demonstrate that she was treated differently from "similarly situated" non-whites. Magistrate Judge Grubin also determined that Pilman's retaliation claim must fail because Pilman had submitted no evidence that her complaints were causally related to the disciplinary measures taken against her. With respect to the disability discrimination claim, Magistrate Judge Grubin concluded that material issues of fact remained regarding whether the Authority provided a reasonable accommodation for Pilman's disability.

On September 26, 2000, the District Court (Richard M. Berman, *Judge*) adopted Magistrate Judge Grubin's Report and Recommendation. With respect to the disability discrimination claim, the Court determined that material issues of fact remained regarding (1) whether the Authority viewed Pilman as someone with a disability and (2) whether Pilman could have performed her job with the accommodation of counseling sessions to help control her behavioral problems. On September 29, 2000, the District Court entered

---

2. Pursuant to New York Civil Service Law § 73, an employee who has been unable to perform her job duties for one year or more due to a disability may be terminated.

"partial judgment" in favor of the Authority, dismissing only the Title VII and retaliation claims.

On March 29, 2001, the Authority moved to dismiss Pilman's disability claim on the ground that it was time-barred because she had not filed an EEOC complaint with respect to this claim until October 1995, more than 300 days after her termination in September 1994. *See* 42 U.S.C. § 2000e–5(e)(1) (stating that a Title VII claim must be filed with the EEOC within 300 days of the discriminatory act); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5(e) into the ADA). On July 26, 2001 Magistrate Judge Ronald L. Ellis filed a Report and Recommendation that recommended granting the Authority's motion to dismiss, and the District Court (Richard M. Berman, *Judge*) adopted the Report and Recommendation on February 25, 2002. *See Pilman v. New York Housing Authority*, 214 F.Supp.2d 325 (S.D.N.Y.2002). Final judgment was entered on March 1, 2002. On March 11, 2002, Pilman filed a notice of appeal.

■ We hold that the District Court properly granted summary judgment on Pilman's Title VII and retaliation claims. Pilman failed to allege or present evidence that any non-white employees engaged in a prolonged pattern of yelling and fighting in the workplace similar to that for which she was disciplined and ultimately discharged. Accordingly, Pilman has failed to make out a prima facie case of discrimination under Title VII. *See, e.g., Graham v. Long Island RR*, 230 F.3d 34, 39 (2d Cir.2000) (holding that, in order to make out a prima facie case of discrimination under Title VII, a plaintiff alleging disparate treatment must show that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself" (internal quotation marks omitted)). For substantially the reasons set forth by the District Court, we also agree that summary judgment was appropriate with respect to Pilman's retaliation claims. *See Pilman v. New York Housing Authority*, No. 94 Civ. 7655, at 13–15 (S.D.N.Y. Sept. 26, 2000).

■ Finally, the District Court properly dismissed Pilman's disability discrimination claim as time-barred. Under both Title VII and the ADA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(e) and (f); 42 U.S.C. § 12117(a). A complaint is timely filed with the EEOC if it is filed within 300 days of the allegedly discriminatory act. *See, e.g., Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999) (citing 42 U.S.C. § 2000e–5(e), as incorporated into the ADA by reference in 42 U.S.C. § 12117(a), for the proposition that an ADA claim must be filed with the EEOC within 300 days of the discriminatory act).

We have repeatedly held that actions for discriminatory discharge accrue when the employee receives "definite notice of the termination." *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir.1985); *see also Smith v. U.P.S. of America, Inc.*, 65 F.3d 266, 268 (2d Cir.1995). In this case, Pilman was notified of her discharge in September 1994. Although Pilman filed a complaint with the EEOC pertaining to her discharge and her disability discrimination claims in January 1994, that complaint was withdrawn in September 1994, before the EEOC had an opportunity to rule on it. Pilman did not refile her complaint with the EEOC until October 1995—more than 300 days after her termination. Accordingly, Pilman's disability discrimination claim is barred by 42 U.S.C. § 2000e–5(e) and (f) and 42 U.S.C. § 12117(a).

We have considered all of Pilman's remaining arguments and have found them to be without merit.

For the foregoing reasons, the District Court's orders are hereby AFFIRMED.